IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: ) | |
| ) | |
| Brian and Vickie Still ) | Case No. 209-00637 |
| PO Box 772 ) | Chapter 13 |
| Sparta, TN 38583 ) | Judge Harrison |
| xxx-xx-2407, xxx-xx-3057 ) | |
|     Debtor, ) | |
| ) | |
| ) | |
| Brian and Vickie Still, ) | |
|     Plaintiffs, ) | |
| ) | |
| Vs. ) | Adversary No. _____ |
| ) | |
| Check Into Cash (of Tennesse)Inc., ) | |
|     Defendants. ) | |

## ADVERSARY COMPLAINT

Comes now the Plaintiff(s), Brian and Vickie Still, by and through counsel, pursuant to 11 U.S.C. §362, and for cause of action against Check Into Cash Inc or Check Into Cash of Tennessee Inc. d/b/a Check Into Cash, would state before this Honorable Court the following:

### JURISDICTION AND VENUE

1. Jurisdiction over this case is conferred to this court pursuant to 28 U.S.C. §157 and §1334.

2. Venue over this case is conferred to this court pursuant to 28 U.S.C. §1408 and §1409.

3. This is a core proceeding and is governed by Federal Rule of Bankruptcy Procedure 7001(1). The relief sought herein is done so pursuant to 11 U.S.C. §362(a).

4. The Plaintiffs are residents of Tennessee and filed a chapter 13 no. 209-00637 in Middle Tennessee on January 22, 2009.

5. The Defendant, Check Into Cash, conducts business in Tennessee and has a location in Sparta, Tennessee and is a creditor of the debtor's.

## FACTS

6. The debtor filed a chapter 13 bankruptcy on January 22, 2009 and scheduled a debt to Check Into Cash for $230 related to a check advance or payday loan. Upon filing, actual notice was provided to Check Into Cash by debtor who is neighbor of Check Into Cash manager. The bankruptcy clerk would also have mailed bankruptcy notice to Check Into Cash in the due course of effectuating bankruptcy and 341 hearing notices.

7. On or about 1/23/08, Check Into Cash negotiated the debtors check thereby collecting the debt owed post-petition.

8. Upon receiving notice of Check Into Cash's actions, debtor's counsel has made attempts to get Check Into Cash to return the improperly obtained funds to no avail. Check Into Cash has actual and constructive notice of the debtor's bankruptcy but still refuses to return the funds.

## CAUSE OF ACTION

9. The Debtor alleges as cause of action against the defendant that he is violating 11 USC §362(a)(3) and (6), the automatic stay, by continuing to take action to collect, assess, or recover a claim that arose before the bankruptcy commencement and to control or possess property of the debtor or the bankruptcy estate with actual notice of the bankruptcy by refusing to return the funds. The defendants' violations are willful. The Defendant is aware of but in defiance of the debtor's bankruptcy filing and is in clear violation of the automatic stay.

## PRAYER

10. The Debtor would ask this Honorable Court for punitive and compensatory damages, including reasonable and necessary attorney fees. Additionally, the Debtor requests that

Check Into Cash be ordered to turnover the post-petition collected funds to the debtors immediately and for any other appropriate and allowable relief.

Respectfully submitted,

/s/ Harry G. Lasser IV
HARRY G. LASSER IV
Attorney for Debtor/Plaintiff
548 N. Willow Ave., Ste. J2
Cookeville, TN 38501
(931) 372-9988
fax (931) 372-2426
harrylasser@frontiernet.net